Melissa A. Chuderwicz, Esq.
**PEPPER HAMILTON LLP**
(*A Pennsylvania Limited Liability Partnership*)
Suite 400
301 Carnegie Center
Princeton, NJ 08543-5276
Phone: (609) 951-4118
Facsimile: (609) 452-1147
Email: chuderewiczm@pepperlaw.com

*Attorneys for Plaintiffs*
*Manfrotto Distribution Inc. and Lino Manfrotto + Co. S.p.A.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANFROTTO DISTRIBUTION INC., and LINO MANFROTTO + CO. S.p.A., <br><br> Plaintiff, <br><br> v. <br><br> MAMIYA AMERICA CORPORATION (d/b/a MAC GROUP), and BENRO PRECISION INDUSTRIAL CO. LTD., <br><br> Defendants. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Manfrotto Distribution Inc. ("Manfrotto Distribution") and Lino Manfrotto + Co. S.p.A. ("Lino Manfrotto") (collectively, "Manfrotto" or "Plaintiffs"), for their complaint against Defendants, Mamiya America Corporation (d/b/a and hereinafter "MAC Group") and Benro Precision Industrial Co. Ltd. ("Benro") (collectively, "Defendants"), seeking damages, injunctive relief and other relief for patent infringement, allege as follows:

#33981446 v1

## THE PARTIES

1. Plaintiff Manfrotto Distribution is a New Jersey corporation with its principal place of business at 10 Mountainview Road, Ste. 320 South, Upper Saddle River, New Jersey 07458.

2. Plaintiff Lino Manfrotto is an Italian company with its principal place of business at Via Valsugana 100, Cassola (VI), Italy 36022.

3. Plaintiffs design, manufacture, and sell photographic equipment and accessories worldwide.

4. Defendant MAC Group is a New York corporation with its principal place of business at 75 Virginia Road, North White Plains, New York 10603.

5. Defendant Benro is a Chinese corporation with its principal place of business at The Third Industrial Zone, Tanzhou Town, Zhongshan City, Guangdong, China 528467.

6. On information and belief, MAC Group uses, offers to sell, sells and/or imports photographic equipment and accessories in the United States, including in this District. Among the products that MAC Group uses, offers to sell, sells and imports are products manufactured by Benro.

7. On information and belief, Benro manufactures, uses, offers to sell, sells and/or imports photographic equipment and accessories, including in this District.

## JURISDICTION AND VENUE

8. This action arises under the Patent Laws of the United States – namely, 35 U.S.C. § 271. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

#33981446 v1

9. This Court has personal jurisdiction over the Defendants because they regularly transact business in this District by, among other things, offering their products and services to customers, business affiliates and partners located in New Jersey. Additionally, on information and belief, Defendants have committed acts of direct infringement of one or more of the claims of each of the Patents-In-Suit in this District. Further, the Defendants have availed themselves of this District by previously filing a suit for declaratory judgment against Plaintiffs in this District. *See Mamiya America Corp. v. Manfrotto Dist. Inc.*, 13-cv-06366-CCC-JBC, Dkt. #1. A true and accurate copy of the complaint is attached hereto as Exhibit A. In that action, dismissed without prejudice to refiling, Defendants admitted to marketing and distributing photographic equipment in this District. *See* Ex. A p. 2.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because the Court has personal jurisdiction over the Defendants.

## PATENT-IN-SUIT

11. On December 26, 2000, United States Patent No 6,164,843 (the "'843 patent") was duly and legally issued for an invention entitled "Tripod, Particularly For Photographic Uses." The '843 Patent is assigned on its face to Lino Manfrotto and exclusively licensed to Manfrotto Distribution. The patent is directed to, *inter alia*, tripod camera supports wherein the column can be housed alternatively and removably either in a seat coaxial with the principal axis or in a second seat perpendicular to the principal axis. A true and accurate copy of the '843 Patent is attached hereto as Exhibit B.

## EXEMPLARY ACCUSED PRODUCTS

12. Benro and MAC Group manufacture, use, offer to sell, sell and import tripod camera supports wherein the central column of the tripod can be housed alternatively and

removably either in a seat coaxial with the principal axis or in a second seat perpendicular to the principal axis (the "Accused Tripods").

## BACKGROUND

13. Manfrotto is an industry-leading designer, manufacturer and worldwide distributor of high-end photographic equipment and accessories.

**Q90 Tripods**

14. In 2007, Manfrotto introduced a line of tripod camera supports featuring "Q90" technology, wherein the central tripod column can be housed alternatively and removably either in a seat coaxial with the principal axis or in a second seat perpendicular to the principal axis (the "Q90 Tripods").

15. The Q90 Tripods make up Manfrotto's core camera support business, with lines including the 055, 190, Befree and 290.

16. The technology incorporated in the Q90 Tripods is covered by the claims of the '843 Patent.

17. Manfrotto contacted Defendants to inform them of Manfrotto's patent rights related to the Q90 technology.

18. Notwithstanding Manfrotto's patent rights and prior communication, Benro and MAC Group introduced and began selling the Accused Tripods in the United States in May of 2015.

19. The Accused Tripods are sold under the "System Go", "GoTravel" and "GoClassic" families and include a range of different tripod camera supports.

20. The Accused Tripods are sold at a significant discount relative to the Manfrotto designs.

-5-

21. Benro and MAC Group's products, particularly the Accused Tripods, infringe numerous claims in the '843 Patent.

22. On information and belief, Benro and MAC Group have continued to manufacture, use, offer to sell, sell and import the Accused Tripods despite being aware of the '843 patent and their infringement thereof. Benro and MAC Group took these actions despite an objectively high likelihood that their actions constituted willful infringement of a valid patent, and this risk was clearly known to both Benro and MAC Group.

23. Benro and MAC Group's course of conduct with respect to the '843 Patent makes this an exceptional case.

24. Benro and MAC Group are employing a clear business: building product lines based on Manfrotto's patented innovations and engineering investments; selling the infringing products at a significant discount; and poaching Manfrotto's talent.

25. Manfrotto's lost sales, revenue and gross margin – not to mention Benro's increased domestic camera support market share in the last two years – show that Benro and MAC Group are finding success in executing their plan.

26. If Benro and MAC Group are not deterred from this course, they will likely attempt to create and introduce further product lines off of Manfrotto's investment – not to mention the "free license" to infringe Manfrotto's patented technology such a result would provide to other industry competitors.

27. Benro and MAC Group's clear method of capturing market share on the back of Manfrotto's proprietary ingenuity makes this an exceptional case.

## COUNT I

### Patent Infringement of U.S. Patent No. 6,164,843

28. Plaintiffs re-allege and incorporate by reference the allegations of each of the foregoing paragraphs as if fully set forth herein.

29. Benro and MAC Group's manufacture, use, offer to sell, sale and importation of the Accused Tripods infringes one or more claims of the '843 Patent directly, either literally or under the doctrine of equivalents.

30. Benro and MAC Group have willfully infringed the '843 Patent.

31. Benro and MAC Group will continue to infringe the '843 Patent through the aforesaid acts unless enjoined by this Court.

32. Benro and MAC Group have engaged in the foregoing infringing conduct in the United States without authority from Manfrotto and during the term of the '843 Patent.

33. Benro and MAC Group's conduct has caused Manfrotto to suffer and, unless enjoined by the Court, will cause Manfrotto to continue to suffer, damage to Manfrotto's operation, reputation and goodwill.

34. Manfrotto is entitled to recover damages adequate to compensate for the infringement, as well as treble damages for Benro and MAC Group's willful infringement.

#33981446 v1

## PRAYER FOR RELIEF

Wherefore, Plaintiffs Manfrotto Distribution and Lino Manfrotto respectfully request that the Court enter judgment in their favor and against Defendants Benro and MAC Group, and provide Plaintiffs with the following relief:

A. A finding that the '843 Patent is valid and enforceable;

B. A finding that the Defendants have infringed the '843 Patent;

C. A finding that this is an exceptional case pursuant to 35 U.S.C. § 285;

D. Issue a permanent injunction pursuant to 35 U.S.C. § 283 preventing Defendants and their respective parents, subsidiaries, principals, officers, agents, affiliates, servants, attorneys, employees and all others in privity with them from infringing the '843 Patent;

E. An order awarding Plaintiffs damages pursuant to 35 U.S.C. § 284 adequate to compensate for Defendants' infringement of the '843 Patent;

F. An order awarding Plaintiffs pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284;

G. An order awarding Plaintiffs their reasonable attorneys' fees under 35 U.S.C. § 285; and

H. An order awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury of all issues so triable.

\*   \*   \*

| | |
|---|---|
| Dated: May 21, 2015 | Respectfully Submitted, |
| | Manfrotto Distribution Inc. and<br>Lino Manfrotto + Co. S.p.A. |
| | By its attorneys, |
| | /s/ Melissa A. Chuderewicz<br>Melissa A. Chuderewicz, Esq.<br>chuderem@pepperlaw.com<br>**PEPPER HAMILTON LLP**<br>*(A Pennsylvania Limited Liability Partnership)*<br>301 Carnegie Center<br>Suite 400<br>Princeton, NJ 08543-5276<br>609-452-0808 |
| | *Of Counsel*: |
| | David M. Magee<br>mageed@pepperlaw.com<br>Bryana T. McGillycuddy<br>mcgillyb@pepperlaw.com<br>Ryan C. Deck<br>deckr@pepperlaw.com<br>**PEPPER HAMILTON LLP**<br>125 High Street<br>High Street Tower<br>Boston, MA 02110-2736<br>617-204-5100 |
| | *Attorneys for Manfrotto Distribution Inc. and Lino Manfrotto + Co. S.p.A.* |